UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JAIME GARCIA** | * | **CIVIL ACTION NO.** |
| **V.** | * | **JUDGE** |
| **PACKAGING CORPORATION OF AMERICA** | * | **MAGISTRATE JURY DEMAND** |

# COMPLAINT

NOW INTO COURT, through undersigned counsel, comes JAIME GARCIA, ("Plaintiff"), who respectfully represents the following:

## I. JURISDICTION

1. This is an action for declaratory, injunctive and monetary relief in violation of the Family and Medical Leave Act, codified at 29 U.S.C. Section 2601 *et seq*. Jurisdiction is based on 29 U.S.C. Section 2617(a)(2) and 28 U.S.C. Section 1331.

## II. PARTIES

2. Plaintiff, JAIME GARCIA, is an adult male and a resident of State of Louisiana currently residing in Beauregard Parish, Louisiana.

3. Made Defendant in this action is:

PACKAGING CORPORATION OF AMERICA, a corporation organized under the laws of the United States of America ("Defendant" or "PCA").

4. At all times referred to in this Complaint, Defendant was engaged in an industry affecting commerce.

5. Defendant was Plaintiff's "employer" within the meaning of 29 U.S.C. Section 2611(4) and 42 U.S.C. Section 12101 *et seq*.

### III.   VENUE

6. Venue lies in this Court as the unlawful employment practices and other actions made the basis of this suit occurred within the Western District of Louisiana.

### IV.   FACTUAL ALLEGATIONS

7. Plaintiff was employed with Defendant in December, 2014.

8. Starting on November 26, 2017, Plaintiff started experiencing serious medical issues and complications which required him to be out of the office extensively.

9. Defendant was advised that Plaintiff could have a flare up of his condition at any moment which would require him to leave the office right away to seek medical help.

10. Plaintiff applied for intermittent FMLA on October 29, 2020.

11. Eight (8) weeks later on December 24, 2020, Plaintiff receive his decision letter approving his leave from October 29, 2020 through April 28, 2021.

12. The December 24, 2020, correspondence identified that Plaintiff had used 80 hours of leave and 460.29 hours remaining.

13. As required, Plaintiff's doctor's office completed and sent all supporting documents to the designated entity for approval on multiple occasions and continued to request protected leave. All leave taken by Plaintiff should have been counted as protected FMLA leave, and Plaintiff was eligible for the same and complied with all of his responsibilities regarding the same.

14. Notwithstanding the same, on July 8, 2021, Plaintiff was terminated for unexcused absences. However, many of the absences included in the Defendant's recorded absences occurred on dates which should have been counted as protected leave under the FMLA.

## V.   CAUSE OF ACTION

15. The actions and conduct of Defendant set forth herein constitute interference, restraint or denial of Plaintiff's rights under the Family Medical Leave Act in violation of 29 U.S.C. §2615 in the following non-exclusive particulars:

    (a) Failure to provide Plaintiff with his rights under the FMLA

    (b) Interfering with Plaintiff's rights under the FMLA

    (c) Failing to reinstate Plaintiff following the FMLA leave

    (d) Retaliating against Plaintiff for requesting leave due under the FMLA

    (e) Retaliating against Plaintiff as a result of his leave under FMLA

16. The Defendant's actions complained of herein were performed with malice or reckless indifference to and in knowing violation or reckless disregard of Plaintiff's federally-protected rights and caused Plaintiff emotional distress.

17. As a result of the actions taken by Defendant, Plaintiff has suffered tremendous anxiety, mental anguish, mental suffering, humiliation and embarrassment. The damage done to Plaintiff's reputation as an employee has been enormous, and Plaintiff has suffered both economic and emotional distress because of Defendant's conduct.

## VII.   JURY TRIAL DEMANDED

18. Plaintiff demands a trial by jury as to all matters permitted by law.

## VIII.   RELIEF

WHEREFORE, PLAINTIFF PRAYS:

A. that the Court declare the employment practices of which complaint is made to be in violation of 29 U.S.C. Sections 2601 *et seq.*, and otherwise inculpatory and illegal;

B. that the Court order Defendant to pay front pay and lost future wages in amounts to be determined by the jury;

C. that Plaintiff be awarded back pay, including prejudgment interest, and any other benefits or seniority to which he may have been entitled or which he may have lost as a result of the discrimination or retaliation or tortious conduct against him;

D. that Plaintiff be awarded compensatory and liquidated damages pursuant to 29 U.S.C. Section 2617(a), and other applicable state law;

E. that Plaintiff be awarded the costs of this action, including attorneys' fees, pursuant to 29 U.S.C. Section 2617(a)(3), and any other applicable state law;

F. for trial by jury for those matters triable to a jury; and

G. that Plaintiff be awarded such other and further relief as the Court finds equitable, just and proper.

Respectfully submitted,

DOWNER, JONES, MARINO & WILHITE
401 Market Street, Suite 1250
Shreveport, LA 71101
Tel: 318-213-4444
Fax: 318-213-4445

Allison A. Jones, Bar No. 16990

By:___*/s/ Allison A. Jones*_____
ATTORNEYS FOR PLAINTIFF

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JAIME GARCIA** | * | **CIVIL ACTION NO.** |
| **V.** | * | **JUDGE** |
| **PACKAGING CORPORATION OF AMERICA** | * | **MAGISTRATE** <br> **JURY DEMAND** |

## VERIFICATION

BEFORE ME, the undersigned Notary Public, personally came and appeared JAMIE GARCIA, who did depose and state that he is the Plaintiff in the foregoing Complaint, that he has read the Complaint, and that all of the allegations contained therein are true and correct to the best of his knowledge, information and belief.

_____
JAMIE GARCIA

SWORN TO AND SUBSCRIBED before me, Notary Public, this 11th day of May, 2023.

_____
NOTARY PUBLIC  ID A131875
PAUL SCOTT CUEVAS

5

5